

United States District Court
Southern District of Texas
FILED

SEP 1 1 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA I. CANTU, LIZA L. VILLARREAL AND TEODORA G. KURI | § § § § § § § § | |
| VS. | | CIVIL NO. B-02-173 |
| | | JURY DEMANDED |
| GABRIEL MARK JACOBS AND CHOCTAW NATION INDIAN HOME CORPORATION | | |

## NOTICE OF REMOVAL

1. Defendants, Gabriel Mark Jacobs and Choctaw Nation Indian Home Corporation file this Notice of Removal to Federal Court. This Notice of Removal is filed in connection with a civil action pending in the State Courts of Texas. A copy of all process, pleadings, orders, and any docket sheet obtainable by such Defendants in such action are attached hereto and incorporated by reference at this point. These referenced matters are enumerated in an index which is attached hereto and incorporated herein by reference.

2. Defendant "Choctaw" was served with process on August 12, 2002. this Notice for Removal is filed within thirty days of receipt of this petition and is timely filed under 28 U.S.C. §1446(b).

3. Defendant Choctaw Nation Indian Home Corporation is incorporated under the laws of the State of Oklahoma, and its principal place of business is in the State of Oklahoma. Defendant Gabriel Mark Jacobs is a citizen of the State of Oklahoma. The Plaintiffs are citizens of the State of Texas. These are the only parties to the lawsuit.

The matter in controversy exceeds, exclusive of interest and

costs, the sum or value giving rise to original Federal Court jurisdiction pursuant to 28 U.S.C. §1332.

4. The United States District Court has original jurisdiction under 28 U.S.C. §1332. This action is removable under 28 U.S.C. §1441(a) and (b).

5. The following is a complete list of all counsel who have appeared in this action, including their address and phone number. This list also indicates which attorneys represent the respective parties: Michael J. Cisneros, 312 Lindberg, McAllen, Texas 78501, (956) 682-1883, Maria I. Cantu, Liza L. Villarreal, and Teodora G. Kuri.

### Certificate of Conference.

> Movant has conferred with Respondent attorney by contacting him at his telephone number in McAllen, Texas. The parties have agreed that the removal of this matter to Federal Court is proper.

WHEREFORE, Gabriel Mark Jacobs and Choctaw Nation Indian Home Corporation pray that the cause of action described in the attached State Court documents be removed therefrom to the United States Court for the Southern District of Texas, Brownsville Division.

Respectfully Submitted,

John Skaggs
P.O. Drawer 2285
710 Laurel
McAllen, Texas 78502-2285
Phone (956) 687-8216
Fax (956) 630-6570

_____
JOHN SKAGGS
State Bar No. 18452500

Federal I.D. No. 1225
ATTORNEY FOR DEFENDANTS

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been either delivered or mailed to the following attorneys of record, or parties on this the  11  day of  September , 2002:

Michael J. Cisneros
312 Lindberg
McAllen, Texas 78501

_____
John Skaggs

**INDEX OF DOCUMENTS**

1. Plaintiff's Original Petition
2. Docket Sheet (not available)
3. Defendants' Original Answer
4. Citation

Case 1:02-cv-00173    Document 1    Filed in TXSD on 09/11/2002    Page 4 of 11

CAUSE NO. 02-08-11368CV

| | | |
|---|---|---|
| MARIA I. CANTU, LIZA L. VILLARREAL AND TEODORA G. KURI | § § § | IN THE 79th JUDICIAL DISTRICT |
| VS. | § § § § | COURT OF |
| GABRIEL MARK JACOBS AND CHOCTAW NATION INDIAN HOME CORPORATION | § § § | BROOKS COUNTY, TEXAS |



AT 9:01 O'CLOCK A M
FILED AUG 01 2002
Noe Guerra, Jr., Dist. Clerk, Brooks Co., TX
BY _____ Deputy

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME MARIA I. CANTU, LIZA L. VILLARREAL, and TEODORA G. CANTU, hereinafter referred to as Plaintiffs, and file this, their Original Petition against GABRIEL MARK JACOBS AND CHOCTAW NATION INDIAN HOME CORPORATION, hereinafter referred to as Defendants, and for cause of action will show the Court the following:

### I.
### DISCOVERY CONTROL PLAN - UNDER (LEVEL 2)

As per Texas Rule of Civil Procedure 190.3, discovery in this case shall be conducted under Level 2.

### II.
### PARTIES

Plaintiffs, MARIA I. CANTU, LIZA L. VILLARREAL, and TEODORA G. CANTU, are individuals who reside in Hidalgo County, Texas.

Defendant, GABRIEL MARK JACOBS, is a resident of the State of Oklahoma and may be served with process at P.O. Box 674, Caddo, Oklahoma 74729. Defendant, Gabriel Mark Jacobs, is being sued in his individual capacity and as an employee, agent, representative, and/or borrowed servant of Defendant, Choctaw Nation

Indian Home Corporation.

Defendant, CHOCTAW NATION INDIAN HOME CORPORATION, hereinafter sometimes referred to as Defendant, Choctaw, is an Oklahoma corporation that is currently doing business in the State of Texas as Choctaw Indian Gaming Center, Choctaw Bingo Palace, Choctaw Indian Bingo's Fun & Fortune, and Choctaw Gaming Center. Defendant CHOCTAW NATION INDIAN HOME CORPORATION, is being sued herein under Rule 28 of the Texas Rules of Civil Procedure, whereby Plaintiffs reserve the right to amend their pleading, if necessary, and substitute the true name of Defendant at a later date. Defendant, CHOCTAW NATION INDIAN HOME CORPORATION, may be served with process by serving its Registered Agent, CT Corporation, 350 N. St. Paul Street, Dallas, Texas 75201.

### III.
### VENUE & JURISDICTION

The incident described herein below that is the basis of Plaintiffs' cause of action against Defendants occurred in Falfurias, Brooks County, Texas; therefore, venue lies in Brooks County, Texas.

The total maximum amount of damages alleged herein by each Plaintiff against Defendants is within the jurisdictional limits of the Court; therefore, this Court has jurisdiction of this cause of action.

### IV.
### FACTS

Defendant, Choctaw Nation Indian Home Corporation, (Defendant Choctaw) solicited Plaintiffs who reside in Hidalgo County, Texas, to attend one of its gaming centers that is located in the State of Oklahoma. The arrangement entered into by Plaintiffs and Defendant Choctaw called for Defendant Choctaw to transport

Plaintiffs by way of bus from Hidalgo County, Texas, to a gaming center in Oklahoma and back to Hidalgo County, Texas.

On October 8, 2001, at approximately 2:30 a.m., Defendant, Gabriel Mark Jacobs, who was under the scope of Defendant Choctaw's employment, was driving a bus that was owned by Defendant Choctaw south on U.S. 281 in Falfurias, Brooks County, Texas. Plaintiffs along with other passengers were being transported in the bus to Hidalgo County, Texas, after spending the weekend at one of Defendant Choctaw's gaming centers located in Oklahoma. While the bus was travelling south on U.S. 281, someone threw a rock at the bus. The rock entered the bus through a window at the rear of the bus. When the rock entered the bus, Defendant, Gabriel Mark Jacobs, closed his eyes, put his head down, and lost control of the bus, causing the bus to swerve, move from side to side, and stop suddenly. As a result, Plaintiffs were forcefully shaken inside of the bus and suffered injuries and damages. Defendant, Gabriel Mark Jacobs', negligence was the proximate cause of the incident described herein and Plaintiffs' injuries and damages as hereinafter set out.

V.
CAUSES OF ACTION BASED ON THE NEGLIGENCE OF A COMMON CARRIER AND A BUS DRIVER/ HIGH DEGREE OF CARE

At the time that the incident described hereinabove occurred, Defendants were conducting business as a common carrier in the State of Texas and the County of Brooks. Defendants are to be held to a high degree care as a result of them conducting business as a common carrier. At the time of the incident described hereinabove, Defendant, Gabriel Mark Jacobs, should have acted with that degree of care that would have been used by a very cautious, competent, and prudent bus driver acting under the same or similar circumstances, but he failed to do so.

Defendant, Gabriel Mark Jacobs, was negligent by act or omission in failing to do that which a very cautious, competent, and prudent bus driver conducting business as a common carrier would have done under the same or similar circumstances or doing that which a very cautious, competent, and prudent bus driver conducting business as a common carrier would not have done under the same or similar circumstances.

At the time that the incident described hereinabove occurred, Defendant, Gabriel Mark Jacobs, was negligent in one or more of the following acts and omissions of negligence:

1. In closing his eyes while driving the bus as a cautious, competent, and prudent bus driver exercising a high degree would not have exercised under the same or similar circumstances;

2. In taking his eyes off of the road as a cautious, competent, and prudent bus driver exercising a high degree of care would not have exercised under the same or similar circumstances;

3. In moving his head down towards his lap while driving the bus as a cautious, competent, and prudent bus driver exercising a high degree would not have exercised under the same or similar circumstances;

4. In losing control of the bus as a cautious, competent, and prudent bus driver exercising a high degree would not have exercised under the same or similar circumstances;

5. In causing the bus to swerve to the right and/or the left as a cautious, competent, and prudent bus driver exercising a high degree of care would not have exercised under the same or similar circumstances;

6. In turning the bus to the right and/or left as a cautious, competent, and prudent bus driver exercising a high degree would not have exercised under the same or similar circumstances;

7. In causing the bus to shake as a cautious, competent, and prudent bus driver exercising a high degree would not have exercised under the same or similar circumstances;

8. In suddenly applying the brakes of the bus as a cautious, competent, and prudent bus driver exercising a high degree would not have exercised under the same or similar circumstances;

9. In causing the bus to suddenly decrease speed as a cautious, competent, and prudent bus driver exercising a high degree would not have exercised under the same or similar circumstances; and

10. In failing to drive the bus safely in its original lane of travel after the bus was struck with a rock as a cautious, competent, and prudent bus driver exercising a high degree would have exercised under the same or similar circumstances.

Each of such acts and/or omissions by Defendant, Gabriel Mark Jacobs, either singularly or in combination, one with the other or others, constituted negligence, which negligence was the sole proximate or a proximate cause of the incident described hereinabove and of Plaintiffs' injuries and damages as described herein.

## VI.
## DAMAGES

Plaintiff, Maria I. Cantu, is requesting that she be awarded damages for past and future reasonable medical expenses for necessary medical services, past and future physical pain and suffering and mental anguish, past and future physical impairment, past and future physical deformity, lost wages, and loss of future earning capacity, all of which damages total to a maximum sum of $500,000.00 in damages.

Plaintiff, Liza L. Villarreal, is requesting that she be awarded damages for past and future reasonable medical expenses for necessary medical services, past and future physical pain and suffering and mental anguish, and past and future physical impairment, all of which damages total to a maximum sum of $50,000.00 in damages.

Plaintiff, Teodora G. Cantu, is requesting that she be awarded damages for past

and future reasonable medical expenses for necessary medical services, past and future physical pain and suffering and mental anguish, and past and future physical impairment, all of which damages total to a maximum sum of $50,000.00 in damages.

Plaintiffs' damages were caused as a result of the negligence of Defendant, Gabriel Mark Jacobs, in causing the incident described hereinabove to occur.

## VII.
## VICARIOUS LIABILITY OF DEFENDANT CHOCTAW NATION INDIAN HOME CORPORATION

At all times hereinabove alleged, Defendant, Gabriel Mark Jacobs, was the agent, employee, representative, and/or borrowed servant of Defendant, Choctaw Nation Indian Home Corporation, and was acting in the course and scope of his employment with Defendant, Choctaw Nation Indian Home Corporation, as an employee who was driving the bus Plaintiffs were riding in and conducting business on the bus at the time that the incident described hereinabove occurred. Defendant, Choctaw Nation Indian Home Corporation, should be held vicariously liable to Plaintiffs for the injuries and damages sustained by Plaintiffs as a result of the negligent conduct of Defendant, Gabriel Mark Jacobs, as described herein under the Doctrine of Respondeat Superior.

## VIII.
## PREJUDGMENT AND POSTJUDGMENT INTEREST

Plaintiffs further sue herein for prejudgment interest at the maximum rate allowed by law on those damages where such interest may be assessed from 180 days after the date Defendants received written notice of Plaintiffs' claims until the date a judgement is executed by the Court, and for postjudgment interest at the maximum rate allowed by law on all of Plaintiffs' damages from the date a judgement is

executed by the Court until the judgement is paid in full.

## IX.
### REQUEST FOR TRIAL BY JURY AND JURY FEE

Plaintiffs request that the above-styled-and-numbered cause be tried to a jury, and represent to the Court that the proper jury fee has been paid to the Clerk of this Court with the filing of Plaintiffs' Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear as required by law, and that upon final hearing, Plaintiffs have judgment against Defendants for all of their damages as hereinabove alleged, for prejudgment and postjudgment interest, and for any and all other relief hereinabove alleged, both general and special, in law and in equity, to which Plaintiffs may show themselves justly entitled to receive, and for all costs of court in their behalf expended.

Respectfully Submitted,

CISNEROS, CISNEROS & CISNEROS
312 Lindberg
McAllen, Texas 78501
Telephone No. (956) 682-1883
Fax No. (956) 682-0132

MICHAEL J. CISNEROS
State Bar No. 00793509
Attorney for Plaintiffs