IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 0 2002

Michael N. Milby
Clerk of Court

B-02-123

| | | |
|---|---|---|
| MARIA I. CANTU, LIZA L. VILLARREAL AND TEODORA G. KURI | § § § | |
| Plaintiffs | § § | |
| VS. | § § | CIVIL ACTION NO. M-99-262 "JURY" |
| | § § | |
| GABRIEL MARK JACOBS, CHOCTAW NATION INDIAN HOME CORPORATION AND CHOCTAW NATION OF OKLAHOMA D/B/A CHOCTAW BINGO PARLOR | § § § § § | |
| Defendants | § | |

PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME MARIA I. CANTU, LIZA L. VILLARREAL, and TEODORA G. CANTU, hereinafter referred to as Plaintiffs, and file this, their First Amended Original Complaint against GABRIEL MARK JACOBS, CHOCTAW NATION INDIAN HOME CORPORATION, and CHOCTAW NATION OF OKLAHOMA D/B/A CHOCTAW BINGO PARLOR, hereinafter referred to as Defendants, and for cause of action will show the Court the following:

I.
PARTIES

Plaintiffs, MARIA I. CANTU, LIZA L. VILLARREAL, and TEODORA G. CANTU, are individuals who reside in Hidalgo County, Texas.

Defendant, GABRIEL MARK JACOBS, is a resident of the State of Oklahoma. Defendant, Gabriel Mark Jacobs, is being sued in his individual capacity and as an employee, agent, representative, and/or borrowed servant of Defendant, Choctaw

Nation Indian Home Corporation and/or Choctaw Nation of Oklahoma d/b/a Choctaw Bingo Parlor. Defendant, Gabriel Mark Jacobs, has been served with process and has filed and answer herein.

Defendant, CHOCTAW NATION INDIAN HOME CORPORATION, is an Oklahoma corporation that is currently doing business in the State of Texas as Choctaw Indian Gaming Center, Choctaw Bingo Palace, Choctaw Bingo Parlor, Choctaw Indian Bingo's Fun & Fortune, and Choctaw Gaming Center. Defendant, Choctaw Nation Indian Home Corporation, has been served with process and has and filed and answer herein.

Defendant, CHOCTAW NATION OF OKLAHOMA, is being sued as an Indian Nation from the State of Oklahoma doing business in the State of Texas as CHOCTAW BINGO PARLOR. Defendant, Choctaw Nation of Oklahoma d/b/a Choctaw Bingo Parlor, has not filed and answer herein. Defendant's attorney, John Skaggs, has agreed to file an answer for Defendant upon receipt of Plaintiffs' First Amended Original Complaint.

## II.
## VENUE & JURISDICTION

Venue lies in the United States District Court for the Southern District of Texas, Brownsville Division, as per 28 U.S.C. §1391.

The Court has jurisdiction over this lawsuit as per 28 U.S.C. §1332.

## III.
## FACTS

Defendants, Choctaw Nation Indian Home Corporation and/or Choctaw Nation of Oklahoma d/b/a Choctaw Bingo Parlor, (Defendant Choctaw) solicited Plaintiffs who reside in Hidalgo County, Texas, to attend one of its gaming centers

that is located in the State of Oklahoma. The arrangement entered into by Plaintiffs and Defendant Choctaw called for Defendant Choctaw to transport Plaintiffs by way of bus from Hidalgo County, Texas, to a gaming center in Oklahoma and back to Hidalgo County, Texas.

On October 8, 2001, at approximately 2:30 a.m., Defendant, Gabriel Mark Jacobs, who was under the scope of Defendant Choctaw's employment, was driving a bus that was owned by Defendant Choctaw south on U.S. 281 in Falfurias, Brooks County, Texas. Plaintiffs along with other passengers were being transported in the bus to Hidalgo County, Texas, after spending the week-end at one of Defendant Choctaw's gaming centers located in Oklahoma. While the bus was travelling south on U.S. 281, someone threw a rock at the bus. The rock entered the bus through a window at the rear of the bus. When the rock entered the bus, Defendant, Gabriel Mark Jacobs, closed his eyes, put his head down, and lost control of the bus, causing the bus to swerve, move from side to side, and stop suddenly. As a result, Plaintiffs were forcefully shaken inside of the bus and suffered injuries and damages. Defendant, Gabriel Mark Jacobs', negligence was the proximate cause of the incident described herein and Plaintiffs' injuries and damages as hereinafter set out.

IV.
### NEGLIGENCE OF DEFENDANT, GABRIEL MARK JACOBS, A BUS DRIVER AND COMMON CARRIER

At the time that the incident described hereinabove occurred, Defendant, Gabriel Mark Jacobs, was driving a bus carrying passengers and was conducting business as a common carrier in Brooks County, Texas. Defendant, Gabriel Mark Jacobs, should be held to a high degree care due to him conducting business as a common carrier at the time of the incident. At the time of the incident, Defendant,

Gabriel Mark Jacobs, should have acted with that degree of care that would have been used by a very cautious, competent, and prudent bus driver acting under the same or similar circumstances, but he failed to do so. Defendant, Gabriel Mark Jacobs, was negligent by act or omission in failing to do that which a very cautious, competent, and prudent bus driver conducting business as a common carrier would have done under the same or similar circumstances or doing that which a very cautious, competent, and prudent bus driver conducting business as a common carrier would not have done under the same or similar circumstances.

At the time that the incident described hereinabove occurred, Defendant, Gabriel Mark Jacobs, was negligent in one or more of the following acts and omissions of negligence:

1. In closing his eyes while driving the bus as a cautious, competent, and prudent bus driver exercising a high degree would not have exercised under the same or similar circumstances;

2. In taking his eyes off of the road as a cautious, competent, and prudent bus driver exercising a high degree of care would not have exercised under the same or similar circumstances;

3. In moving his head down towards his lap while driving the bus as a cautious, competent, and prudent bus driver exercising a high degree would not have exercised under the same or similar circumstances;

4. In losing control of the bus as a cautious, competent, and prudent bus driver exercising a high degree would not have exercised under the same or similar circumstances;

5. In causing the bus to swerve to the right and/or the left as a cautious, competent, and prudent bus driver exercising a high degree of care would not have exercised under the same or similar circumstances;

6. In turning the bus to the right and/or left as a cautious, competent, and prudent bus driver exercising a high degree would not have exercised under the same or similar circumstances;

7. In causing the bus to shake as a cautious, competent, and prudent bus driver exercising a high degree would not have exercised under the same or similar circumstances;

8. In suddenly applying the brakes of the bus as a cautious, competent, and prudent bus driver exercising a high degree would not have exercised under the same or similar circumstances;

9. In causing the bus to suddenly decrease speed as a cautious, competent, and prudent bus driver exercising a high degree would not have exercised under the same or similar circumstances; and

10. In failing to drive the bus safely in its original lane of travel after the bus was struck with a rock as a cautious, competent, and prudent bus driver exercising a high degree would have exercised under the same or similar circumstances.

Each of such acts and/or omissions by Defendant, Gabriel Mark Jacobs, either singularly or in combination, one with the other or others, constituted negligence, which negligence was the sole proximate or a proximate cause of the incident described hereinabove and of Plaintiffs' injuries and damages as described herein.

V.
DAMAGES

Plaintiff, Maria I. Cantu, is requesting that she be awarded damages for past and future reasonable medical expenses for necessary medical services, past and future physical pain and suffering and mental anguish, past and future physical impairment, past and future physical deformity, lost wages, and loss of future earning capacity, all of which damages total to a maximum sum of $500,000.00.

Plaintiff, Liza L. Villarreal, is requesting that she be awarded damages for past and future reasonable medical expenses for necessary medical services, past and future physical pain and suffering and mental anguish, and past and future physical impairment, all of which damages total to a maximum sum of $50,000.00.

Plaintiff, Teodora G. Cantu, is requesting that she be awarded damages for past

and future reasonable medical expenses for necessary medical services, past and future physical pain and suffering and mental anguish, and past and future physical impairment, all of which damages total to a maximum sum of $50,000.00.

Plaintiffs' injuries and damages were caused as a result of the negligence of Defendant, Gabriel Mark Jacobs, in causing the incident described hereinabove to occur.

## VI.
## VICARIOUS LIABILITY OF DEFENDANTS CHOCTAW NATION INDIAN HOME CORPORATION AND CHOCTAW NATION OF OKLAHOMA D/B/A CHOCTAW BINGO PARLOR

At all times hereinabove alleged, Defendant, Gabriel Mark Jacobs, was the agent, employee, representative, and/or borrowed servant of Defendant, Choctaw Nation Indian Home Corporation, and/or Defendant, Choctaw Nation of Oklahoma d/b/a Choctaw Bingo Parlor, and was acting in the course and scope of his employment with Defendant, Choctaw Nation Indian Home Corporation, and/or Defendant, Choctaw Nation of Oklahoma d/b/a Choctaw Bingo Parlor, as an employee who was driving the bus Plaintiffs were riding in and conducting business on the bus at the time that the incident described hereinabove occurred. Defendant, Choctaw Nation Indian Home Corporation, and/or Defendant, Choctaw Nation of Oklahoma d/b/a Choctaw Bingo Parlor, should be held vicariously liable to Plaintiffs for the injuries and damages sustained by Plaintiffs as a result of the negligent conduct of Defendant, Gabriel Mark Jacobs, in causing the incident described herein to occur under the Doctrine of Respondeat Superior.

## VII.
## PREJUDGMENT AND POSTJUDGMENT INTEREST

Plaintiffs further sue herein for prejudgment interest at the maximum rate

allowed by law on those damages where such interest may be assessed from 180 days after the date Defendants received written notice of Plaintiffs' claims until the date a judgement is executed by the Court, and for postjudgment interest at the maximum rate allowed by law on all of Plaintiffs' damages from the date a judgement is executed by the Court until the judgement is paid in full.

## VIII.
## REQUEST FOR TRIAL BY JURY AND JURY FEE

Plaintiffs request that the above-styled-and-numbered cause be tried to a jury. Plaintiffs paid a jury fee when they filed their original petition with the Brooks County District Clerk's Office.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear as required by law, and that upon final hearing, Plaintiffs have judgment against Defendants for all of their damages as hereinabove alleged, for prejudgment and postjudgment interest, and for any and all other relief hereinabove alleged, both general and special, in law and in equity, to which Plaintiffs may show themselves justly entitled to receive, and for all costs of court in their behalf expended.

Respectfully Submitted,

CISNEROS, CISNEROS & CISNEROS
312 Lindberg
McAllen, Texas 78501
Telephone No. (956) 682-1883
Fax No. (956) 682-0132

MICHAEL J. CISNEROS
State Bar No. 00793509
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, Michael J. Cisneros, hereby certify that on this <u>8th</u> day of October, 2002, Plaintiffs' First Amended Original Complaint was served upon opposing counsel by certified mail, return receipt requested.

_____
MICHAEL J. CISNEROS